**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DON MERCELEANY R. MAXWELL/G-DOFFEE,
ADC #108778                                                                                                           PLAINTIFF

5:09-cv-00379-JLH-JTK

D. GOLDEN, et al.                                                                                                   DEFENDANTS

**ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendants Maple Adkins, Douglas Allen, Brandace Binns, Ray Butler, Sharon Carter, Mary Chase, Sherry Conrad, Corderro Davis, Darryl Golden, Phillip Gordon, Peggy Green, Ray Hobbs, Michael Jackson, Deanne Jackson, Angelah Kennedy, Larry May, Dexter Payne, Sharon Penister, Brian Perkins, Letha Phillips, Jamarrick Scarbough, Angela Tyler, David White, and Leon Williams (hereinafter referred to as the ADC Defendants) (Doc. No. 61). Plaintiff filed a Response to the Motion (Doc. No. 68).

Plaintiff, an inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. Specifically, Plaintiff alleges Defendants interfered with incoming and outgoing mail which violated his rights to privacy, freedom of religion, access to the Courts, equal protection, due process, and of freedom from cruel and unusual punishment. Plaintiff asks for monetary and injunctive relief from all Defendants.

Defendants ask the Court to dismiss Plaintiff's Complaint as frivolous, and state Plaintiff's allegations against them do not state a claim upon which relief may be granted. Specifically, Defendants refer to an ADC mail policy as it relates to Plaintiff's First Amendment allegations relating to mail to and from his incarcerated common law wife. Defendants state the policy applies

neutrally to all inmates and is supported by a legitimate penological interest. In Response, Plaintiff challenges the application of the policy to his particular situation.

The Court finds, in the interests of justice and conservation of Court and party resources, that Defendants' Motion should be construed as a Motion for Summary Judgment. According to Fed.R.Civ.P. 12(d), if matters outside the pleadings are presented to and not excluded by the court, the motion to dismiss should be treated as one for summary judgment under Rule 56. Both parties refer to an ADC Policy (and attempt to argue its validity as applied to Plaintiff), which appears central to the Defendants' decisions with respect to Plaintiff's mail, and which is not included in the pleadings. Therefore, the Court finds Defendants' Motion should be construed as one for Summary Judgment, and that both parties should file supplemental briefs, together with any evidence and affidavits in support of their respective positions. The parties should not, however, repeat the arguments already set forth in the Motion to Dismiss and Response. Accordingly,

IT IS, THEREFORE, ORDERED that Defendants' Motion to Dismiss (Doc. No. 61) is construed as a Motion for Summary Judgment. Defendants shall file a supplemental brief, together with exhibits and affidavits, within ten days of the date of this Order. Plaintiff shall file a Response within ten days thereafter.

The Clerk is directed to change the style of the case to reflect the correct names of the ADC Defendants, as set forth in the Motion to Dismiss (Doc. No. 61).

IT IS SO ORDERED this 27th day of September, 2010.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE