**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DON MERCELEANY R. MAXWELL/G-DOFFEE,                                     PLAINTIFF
ADC #108778

v.                                      5:09-cv-00379-JLH-JTK

DARRYL GOLDEN, et al.                                                   DEFENDANTS

<u>**ORDER**</u>

This matter is before the Court on Plaintiff's Motion to Compel (Doc. No. 148). Defendants

filed a Response in opposition to the Motion (Doc. No. 153).

This is a dispute over the timing of Plaintiff's discovery requests to the Defendants.

According to Plaintiff's Motion, he deposited discovery requests to Defendants into the prison mail

system on May 12, 2011, and provides a notarized copy of the Certificate of Service to verify this

date (Doc. No. 148, p. 6). Plaintiff acknowledges that the Scheduling Order issued by the Court on

April 28, 2011, set forth a discovery deadline of June 13, 2011, and states that the discovery requests

placed into the prison mail system on May 12, 2011, allowed for timely responses within that

deadline.

In their Response, however, Defendants state they did not receive a copy of Plaintiff's

discovery requests until May 16, 2011, and therefore, the thirty-day deadline for submitting

responses, June 15, 2011, was beyond the discovery deadline. Defendants mailed their discovery

responses to Plaintiff on June 15, 2011, and their response to each of his twenty five interrogatories

and three production requests was the following:

> Objection. The response deadline is outside the scope of discovery as set by
> paragraph number one of the Scheduling Order (DE131) entered on April 28, 2011,
> which provides that:

**DISCOVERY**.  All discovery must be completed no later than **Monday, June 13, 2011**.  All discovery must be propounded so that responses are due on or before this date.

....This request for discovery was filed on May 16, 2011 as DE#140.  Thirty day (30) due date for response would be after Monday, June 13, 2011.  Thirty Days from May 16, 2011 is Wednesday, June 15, 2011.  As such, this discovery request is beyond the discovery completion deadline as set by the Court in this matter.

(Doc. No. 148, pp. 9-16).  Defendants state they properly objected to Plaintiff's discovery requests as untimely, and that Plaintiff's request for production of deposition transcripts is now moot, as Defendants provided such to Plaintiff pursuant to the Court's June 15, 2011 Order.  Defendants also state that "Plaintiff cannot point to any legal authority to support his position that the due date for response to the discovery fail (sic) within the June 13, 2011 scheduling order deadline date." (Doc. No. 153, p. 3).

Although Plaintiff may not be able to point to any legal authority in support of his position, this Court can.  In <u>Sulik v. Taney County, Missouri</u>, the United States Court of Appeals for the Eighth Circuit held that the prison mailbox rule applicable to filing notices of appeal [Fed.R.App.P. (c)(1)], applies to the filing of <u>pro</u> <u>se</u> prisoner complaints pursuant to 42 U.S.C. § 1983.  316 F.3d 813, 815 (8th Cir. 2003).  That Rule provides as follows:

If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

In extending the Rule to § 1983 filings, the Court stated,

The pro se prisoner has no control over the processing of his complaint after he turns it over to prison authorities for mailing, the prisoner lacks legal counsel to institute and monitor the process, and the prison authorities have reason to delay the filing of

2

lawsuits, especially those against prison officials. We thus join our sister circuits and hold the prison mailbox rule governs the determination of when a prisoner's civil complaint has been filed.

Sulik, 316 F.3d at 815.  This mailbox rule has since been applied to an inmate's response to a summary judgment motion. See Bunch v. Riley, No. 06-5220, 2008 WL 4278174 (W.D.Ark. 2008).

This Court finds that Plaintiff's verified placement of his discovery requests into the prison mail system on May 12, 2011 was a timely placement of the requests, within the meaning of the prison mailbox rule.  Therefore, Defendants should have filed proper responses to his discovery requests, instead of waiting nearly thirty days until the deadline passed to submit the "non-response" set forth above.  Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel (Doc. No. 148) is GRANTED.  Defendants shall file proper responses to Plaintiff's discovery requests, and shall file a copy of such with this Court, within ten days of the date of this Order.

IT IS FURTHER ORDERED that Defendants shall provide the last-known address of Defendant Roy Diggs, within ten days of the date of this Order.[1]

IT IS FURTHER ORDERED that Plaintiff shall file a Response to Defendants' Motion for Summary Judgment (Doc. No. 149) within fifteen days of the date of this Order.

IT IS SO ORDERED this 7th day of July, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]Summons was returned, unexecuted, as to Roy Diggs on July 1, 2011 (Doc. No. 152).