**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DON MERCELEANY R. MAXWELL/G-DOFFEE,                              PLAINTIFF
ADC #108778

v.                                      No. 5:09CV00379 JLH-JTK

DARRYL GOLDEN, et al.                                             DEFENDANTS

**ORDER**

The Court has received proposed findings and recommendations from United States Magistrate Judge Jerome T. Kearney. After a review of the proposed findings and recommendations, the objections submitted by the parties, and a *de novo* review of the record, the Court adopts them with the following exceptions:

Magistrate Judge Kearney recommended that the defendants' motion for summary judgment be denied with respect to the plaintiff's retaliation claims against defendants Conrad, Gordon, and Hobbs. After a *de novo* review of the record, the Court cannot find evidence that defendants Conrad, Gordon, and Hobbs committed any actions in order to retaliate against the plaintiff for the exercise of any constitutional right. Plaintiff has objected to the recommended disposition in a number of respects, and the Court finds one of his objections has merit. Magistrate Judge Kearney recommended that summary judgment be granted in favor of defendant Cox, but a review of the plaintiff's deposition indicates that there is evidence that defendant Cox retaliated against the plaintiff for filing grievances. According to the plaintiff's deposition testimony, Cox retaliated against him and told him that he was doing so because the plaintiff had filed grievances against him. The plaintiff has had some trouble, however, identifying the defendant sued as "Cox." He first submitted a grievance contending that a correctional officer named Cook retaliated against him for filing grievances. When the Warden rejected his grievance because there was no correctional officer

at the unit named Cook, the plaintiff again submitted his grievance and stated that the correctional officer who retaliated against him was named Cox. The grievance was again denied because the plaintiff had been moved to another unit, and Cox was no longer employed by the Arkansas Department of Correction. Thereafter, the plaintiff commenced this action, naming "Cox" as a defendant. Service of summons and complaint for "Cox" was sent to the Arkansas Department of Correction, which responded that "Cox" was no longer employed. The Arkansas Department of Correction provided a first name for Cox and a last known address. The marshal service then sent summons and complaint to "Cox" at the address provided. Docket entry No. 128 indicates that Cox was served by certified mail on April 18, 2011. The return receipt does not show that the certified mail was sent by restricted delivery as required by Fed. R. Civ. P. 4(e)(1) and Ark. R. Civ. P. 4(d)(8)(A)(i). Moreover, the return receipt was signed by someone whose first name is not the first name of the former employee of the Arkansas Department of Correction. Cox has never entered an appearance. It appears that defendant Cox has never been validly served with summons and complaint.

The defendants' motion for summary judgment is therefore granted in its entirety. Document #149. All of the plaintiff's claims are dismissed with prejudice except the claim for retaliation alleged against defendant Cox, who has never been validly served with summons and complaint and who has never entered an appearance. Pursuant to Fed. R. Civ. P. 4(m), the Court gives notice that it will dismiss the retaliation claim against Cox without prejudice unless good cause is shown within fourteen (14) days of the entry of this Order as to why the Court should not do so.

IT IS SO ORDERED this 22nd day of December, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE