**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DON MERCELEANY R. MAXWELL/G-DOFFEE,
ADC #108778                                                                                          PLAINTIFF

v.                                            5:09CV00379-JLH-JTK

DARRYL GOLDEN, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J.
Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection
is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a
hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

This matter is before the Court on Defendant Cox's Motion for Summary Judgment (Doc. No. 269), to which Plaintiff responded (Doc. Nos. 275-277).  Pursuant to the Court's January 16, 2014 Order, Defendants filed a supplemental brief and statement of facts in support of their Motion (Doc. Nos. 279-280), followed by Plaintiff's supplemental brief and statement of facts (Doc. Nos. 281-2).

Plaintiff is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983 against Defendants, alleging a violation of his rights of free speech, freedom of religion, access to the courts, due process and equal protection, and retaliation, beginning in 2008 while he was incarcerated at the Varner Unit of the ADC.  On February 10, 2012, Plaintiff's allegations against Defendants were dismissed (Doc. Nos. 214, 215), and Plaintiff appealed to the United States Court of Appeals for the Eighth Circuit.  The appellate Court affirmed this Court's dismissal of Plaintiff's claims against all

Defendants, except Defendant Cox, and remanded as to Plaintiff's retaliation claim against him (Doc. No. 228).

In his Amended Complaint (Doc. No. 14), Plaintiff alleged Defendant Cox retaliated against him for filing grievances by denying letters mailed to him from his wife, Princess Smith G-Doffee (hereinafter referred to as "Princess").  He also alleged Cox opened and read the letters and disseminated private information, such as his wife's address, to staff and inmates.

## II.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135, quoting FED.R.CIV.P. 56(e), and Celotex, 477 U.S. at 324.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Webb, 144 F.3d at 1135.

### A.     Defendant's Motion

Defendant Cox asks the Court to dismiss Plaintiff's retaliation claim against him as unsupported by any facts. Defendant notes that Plaintiff and Princess were not authorized to correspond with each other, pursuant to the ADC correspondence policy, because both were inmates and because they did not provide proof that they were legally married. Furthermore, Plaintiff provides no information to show that Cox's actions, which in and of themselves are not actionable under § 1983, were in retaliation for Plaintiff's filing of grievances against him. In Plaintiff's deposition, he admitted that any actions by Cox did not prevent him from filing other grievances, but just made him "hesitate." (Doc. No. 270-2, pp. 58-59.) Defendant also states he is entitled to qualified immunity from liability, because Plaintiff did not have a clearly-established right to receive mail from Princess. Finally, Defendant states that Plaintiff's monetary claims against him in his official capacity should be dismissed, pursuant to sovereign immunity.

### B.    Plaintiff's Response

Plaintiff claims that on October 3, 2008, and October 22, 2008, Defendant Cox failed to deliver to him mail from Princess, in retaliation for the filing of grievances against him. He claims it was not clearly established at that time that mail from Princess was prohibited. In addition, he claims Defendant Cox allowed other inmates to read his mail and obtain access to Princess's address. Plaintiff claims he has a federally-protected right to file grievances and to be safe, and that Defendant's actions were indifferent to his family's safety. In addition, Plaintiff claims Defendant Cox retaliated against him by failing to deliver mail from his biological cousin, Tonya Pharmes.

### C.    Defendant's Supplemental Brief

This Court directed Defendant to supplement his Motion, by Order dated January 16, 2014, to include additional information about Plaintiff's claims that Defendant retaliated against him by

sharing the contents of Plaintiff's mail, and by withholding mail from his cousin, Tonya Pharmes (Doc. No. 278).   In response, Defendant states that Plaintiff did not allege in his Amended Complaint that Defendant denied him mail from his cousin.   In addition, Defendant states that Plaintiff did not exhaust his administrative remedies with respect to this claim, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

Furthermore, Defendant states that the only claim against him which Plaintiff properly exhausted through the administrative remedy process is the claim that on October 22, 2008, Defendant failed to deliver to him mail from Princess, and shared the contents of the mail and Princess's address with other officers and/or inmates.   However, since Plaintiff was not authorized to receive the mail from Princess, as set forth in a July 25, 2008, Memorandum from Warden Grant Harris, his allegation does not support a claim against Defendant (Doc. No. 279-6, p. 12).

### D.      Plaintiff's Supplemental Brief

Plaintiff asserts that part of his complaint against Defendant Cox concerns the alleged denial of mail sent to him by his cousin, Tonya Pharmes.  He also states that several witnesses confirmed to him that Cox circulated the addresses and information of letters sent to Plaintiff.  He states that he filed and exhausted three grievances against Cox, VSM-08-01945, VSM 08-02280, and MX 08-2083, and that his references to letters from family members in those grievances should be sufficient to exhaust his claim that Cox denied mail sent from Pharmes. He objects to the affidavit of Barbara Williams as a surprise and prejudicial to his case, because the document was not previously disclosed to him at his deposition.

In addition, Plaintiff states that the fact that he was prohibited from receiving mail from Princess is irrelevant to his retaliation claim, because the practice had been to allow him to receive

that mail despite the restriction, and because the mail "belonged" to him.  (Doc. No. 281, p. 7.)

### D.     Analysis

#### 1.     Sovereign Immunity

The Court initially agrees with Defendant that Plaintiff's monetary claims against him in his official capacity are barred by sovereign immunity.  <u>Will v. Michigan Dep't. of State Police</u>, 491 U.S. 58, 65-66 (1989); <u>Murphy v. State of Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997).

#### 2.     No Allegation/Exhaustion

The Court also finds that Plaintiff's allegation concerning the withholding of mail from his cousin, Tonya Pharmes, was not asserted as a claim against Defendant Cox in his Amended Complaint.  In his Amended Complaint, Plaintiff alleged as follows:

> That defendant CO-1 Cox ... of dates 10/22/08 & 10/3/08 did imped plaintiff ... access to court by retaliation for grievances filed... that at approx 6 p.m. & 7 p.m. CO-1 Cox did on 10/3/08 & 10/22/08 while passing out incoming inmate mail walk by plaintiff ... cell, denying letters addressed to plaintiff ... that both letters were from involuntary plaintiff Mrs. Princess M. Smith/"G"-Doffee ... that defendant verbally asserted such was & would continue to be arbitrarily denied plaintiff .... That the defendant CO-1 Cox open & read such letters, & circulated the address & information of such letters to other inmates & staff.....

(Doc. No. 14-2, pp. 14-15.)  Plaintiff's allegation against Cox deals solely with mail from Princess, and does not refer to mail from Pharmes.  (<u>Id</u>.)  Although earlier in his complaint, he alleged a denial of mail from Pharmes (also referred to as Tonya Malden), he specifically alleged that former Defendant Diggs was responsible for denying the mail from her, on May 15, 2008, and May 23, 2008.  (<u>Id</u>., p. 13.)

With respect to the exhaustion question, Barbara Williams, the ADC Inmate Grievance Supervisor, stated in an affidavit that the grievance policy in effect during the time at issue was Administrative Directive (AD) 07-03, and required that the staff person allegedly involved in the

incident at issue be specifically named in the grievance.  (Doc. Nos. 279-1, p. 1, and 279-2, p. 4.)

Ms. Williams found record of four grievances filed by Plaintiff against Defendant Cox during the

time at issue in the complaint.  (Doc. No. 279-1, pp. 2-3.)  Of those four grievances, only one

grievance which concerned the dates at issue in Plaintiff's complaint, was filed and exhausted as to

Defendant Cox.  (Id., p. 3) In that grievance, VSM 08-02280, Plaintiff alleged that on October 22,

2008, Cox told other inmates the names of people who sent him mail, including his wife's name and

address, which constituted a threat to her safety, all in retaliation for Plaintiff's filing grievances

against him.  (Doc. No. 279-4, pp. 13-15.)[1]

      According to the PLRA,

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that

administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United

States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly

enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741

(2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v.

---

[1]Grievance VSM 08-1945 also was exhausted as to Defendant Cox, although Plaintiff
erroneously referred to him as CO-1 "Cook."  That grievance, written on September 21, 2008
(prior to the October 3 and October 22 dates of his complaint), referred to the same allegations
against Cox as those set forth in grievance 08-02280.  In addition, grievance VSM 08-01863 was
exhausted and referred to Defendant Cox, but dealt with allegations that officers were not
properly processing grievances.  Grievance MX-08-2083, in which Plaintiff complained about
the denial of mail from his "family," was denied as without merit, because it was not timely
filed.  (Doc. No. 279-4, pp. 1-19.)

<u>Harris</u>, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000).  In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."  340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. at 218.

Having reviewed the grievances filed by Plaintiff during the time period at issue, the Court finds that he exhausted his administrative remedies only to the claim against Defendant that on October 22, 2008, he retaliated against him by failing to provide to him mail sent to him by Princess, and by disseminating private information contained in that mail to other inmates and/or officers.  The Court also finds that Plaintiff's argument against the inadmissibility of the Barbara Williams affidavit is without merit; Defendant pled the defense of failure to exhaust in his Answer (Doc. No. 240, p. 3.)

### 3.    Retaliation

In order to support a claim for retaliation, Plaintiff must prove "that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity."  <u>Lewis v. Jacks</u>, 486 F.3d 1025, 1028 (8th Cir. 2007).  Plaintiff "has a heavy evidentiary burden to establish a prima facie

case," and cannot merely allege that an act was retaliatory.  <u>Murphy v. Missouri Department of Corrections</u>, 769 F.2d 502, n. 1 (8th Cir. 1985); <u>Benson v. Cady</u>, 761 F.2d 335, 342 (7th Cir. 1985).

First, the Court notes that as Defendant asserts, Plaintiff did not have a right to receive mail from Princess during the time of the incident at issue.  This Court previously found that an ADC policy which prohibits correspondence between inmates was constitutional as applied to Plaintiff and Princess, since they admitted that they were not legally married.  (<u>See</u> Doc. No 195, p. 9.)  Defendant also provides to the Court a memo from Warden Grant Harris to Plaintiff, dated July 25, 2008, in which he stated that until Plaintiff provides a marriage license or documentation from a county clerk's office that registered his marriage, his correspondence with Princess will be denied.  (Doc. No. 279-6, p. 12.)  Therefore, it was clearly established on October 22, 2008, that Plaintiff did not have a right to receive mail from Princess.  Even assuming he had received mail from Princess despite the restriction, he provides no proof that Defendant Cox consistently delivered that mail to him and then suddenly stopped as a result of Plaintiff's filing of grievances.  Therefore, Plaintiff's allegation that Defendant retaliated against him by failing to provide such mail must fail.

Next, Plaintiff claims Defendant retaliated against him by disseminating personal information to other inmates or officers.  Other than stating that such information included Princess's address, however, Plaintiff does not clarify what the information was or how it was harmful, or specfically to whom it was disseminated.  Although he claims in his supplemental brief that other inmates witnessed such activity, he provides no statements or any other proof of such from these witnesses.  In addition, he does not claim that Princess or any other members of his family received any correspondence from anyone as a result of Defendant's alleged actions.  Absent such, the Court finds that Plaintiff fails to support a retaliation claim against Defendant.  The courts have

held that claims of verbal threats and general harassment, without more, are not actionable under § 1983. McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993). In addition, Plaintiff's allegation that Defendant disseminated Princess's address does not support his retaliation claim, since Princess's place of incarceration is a matter of public record and can be accessed through the ADC website. Plaintiff also admitted in his deposition that Defendant's actions did not prevent him from filing grievances. (Doc. No. 270-1, pp. 58-59.)[2] Finally, Defendant provides an affidavit in which he denies informing inmates of other inmates' mail, and was not aware of Plaintiff's wife's name or her address. (Doc. No. 270-1, pp. 1-2.)

Defendant also moves for summary judgment based on the doctrine of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable

---

[2]According to the grievance print-out attached to Williams' affidavit, Plaintiff filed twenty-five grievances between October 1, 2008, and November 5, 2008 (Doc. No. 279-3, pp. 10-12.)

to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[3]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Having reviewed the parties' filings and evidence, the Court finds that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.  As noted, Plaintiff provides no evidence that the filing of grievances against Defendant Cox motivated Cox to retaliate against him by opening and disseminating his mail.  Plaintiff had no right to receive mail from Princess, and he provides no evidence in support of his allegation that Defendant Cox opened and disseminated his mail, or otherwise violated his constitutional right.  In addition, he provides no proof that Cox's actions "chilled" him from continuing to file grievances.  See Lewis v. Jacks, 486 F.3d at1028. Therefore, the Court finds Defendant is also entitled to qualified immunity on Plaintiff's claim against him.

## III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant Cox's Motion for Summary Judgment (Doc. No. 269) be GRANTED, and Plaintiff's action be DISMISSED with prejudice.

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

IT IS SO RECOMMENDED this 20th day of February, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE